# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

June 2, 2017

Lyle W. Cayce
Clerk

No. 16-60147
Summary Calendar

DAVID ALFARO-VASQUEZ, also known as Daniel Vasquez, also known as David Ernesto Vasquez, also known as David Alfaro, also known as David Vasquez

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 841 950

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Alfaro-Vasquez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT). Alfaro-Vasquez has abandoned any challenge to the denial of protection under the CAT by failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to address the issue in his brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He argues instead that the IJ and the BIA erred by denying his application for withholding of removal because he established that he was persecuted, and will be persecuted, by gangs on account of his Christian faith and his membership in the particular social group consisting of farmers or landowners.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted). Questions of law are reviewed de novo, but with deference to the BIA's interpretations of ambiguous immigration statutes. *Id.* Findings of fact are reviewed under the substantial evidence standard. *Id.* at 517. Under this standard, Alfaro-Vasquez "has the burden of showing that the evidence is so compelling that no reasonable factfinder could" fail to rule in his favor. *Id.* at 518 (internal quotation marks and citation omitted).

The BIA determined that Alfaro-Vasquez had failed to show that he was persecuted on account of his religion or membership in the particular social group of farmers or landowners because he failed to show that either of these bases was the central reason for the claimed persecution; instead, the BIA concluded that gang members recruited him to increase their power. Alfaro-Vasquez does not specifically dispute these findings, and his testimony was insufficient to establish that a protected ground would be at least "one central reason" for the harm he fears. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Thus, Alfaro-Vasquez has not shown that "the evidence is so compelling that no reasonable factfinder could" fail to rule in his favor. *Orellana-Monson*, 685 F.3d at 518.

No. 16-60147

We need not resolve Alfaro-Vasquez's contentions that the IJ erred by determining that he was not credible, by failing to consider the deaths of his cousin and his cousin's wife as evidence of persecution, and by failing to allow him to introduce additional evidence in light of the credibility determination. The IJ's decision is not before us because the BIA did not adopt the IJ's credibility determinations.  *See id.* at 517.

Alfaro-Vasquez's petition for review is DENIED.